# UNITED STATES DISTRICT COURT
## WESTERN  DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| H.S. TREASURE CONTACTS LTD | \| | |
| AGIOS ILARIONOS 3B | \| | |
| PYLA 7081, LARNACA, CYPRUS | \| | |
| | \| | |
| PLAINTIFF, | \| | CIVIL ACTION NO. : |
| v. | \| | |
| | \| | |
| META PLATFORMS, INC. | \| | |
| d/b/a WHATSAPP LLC | \| | 1:25-cv-1903 |
| 300 WEST 6TH STREET | \| | |
| AUSTIN, TEXAS 78701 | \| | |
| | \| | |
| DEFENDANT | \| | |

COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff H.S. Treasure Contacts, LTD, by its undersigned counsel, alleges as follows for its Complaint against Defendant META Platforms, Inc.d/b/a WhatsApp.

## I.    THE NATURE OF THIS ACTION

1.    Treasure Contacts, brings this action against Meta pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patent 8,655,341 ("the '341 patent") titled "Methods for mobile phone applications." Defendant has been made aware of the '341 patent at least as early as the filing of this suit and continues to infringe.

## II.    THE PARTIES

2.    Plaintiff Treasure Contacts is a Cyprus company with an address at: Agios Ilarionos 3B, Pyla 7081, Larnaca, Cypres and is the exclusive owners of all right, title and interest in the assertion, sub-licensing and enforcement of the '341 patent, by license,

-1-

authorization and agreement from Haim Boukai and Sergey Ost, the named inventors of the '341 patent.

3.      Defendant META is a Delaware Corporation and owner of WhatsApp, with offices in Austin Texas, including offices at 300 West 6th Street, Austin, Texas 78701. WhatsApp makes, distributes, uses, develops, offers to sell, and sells the accused product, the WhatsApp app for Andriod, IOS, Windows and Mac devices, throughout the United States and manages the WhatsApp service.

4.      Defendant, through its WhatsApp subsidiary, operates the Accused System and Defendant uses the Accused Instrumentalities to practice the claimed method of the '341 patent, throughout the United States.

### III.    JURISDICTION AND VENUE

5.      This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §101, §271 et seq.

6.      This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question.

7.      This Court has personal jurisdiction over Defendant Meta d/b/a WhatsApp under at least Tex. Civ. Prac. & Rem. Code § 17.041 because Defendant is located within this judicial district and has regular and established places of business in this judicial district. Defendant is also registered to do business in Texas.

8.      Venue is proper in the Western District of Texas pursuant to 28 U.S.C. §§1391(b), 1391(c) and 1400(b). Defendant is doing business in this judicial district, has committed acts of infringement and has regular and established places of business in this District and has employees conducting regular and established business in this judicial district.

### IV.    BACKGROUND AND GENERAL ALLEGATIONS

9.    Haim Boukai and Sergey Ost filed a patent application for their invention which provides a system and method for distribution of mobile applications on mobile devices. Their inventive system was granted the '341 patent.

10.    Defendant provides distribution of the WhatsApp application on and between mobile devices, including,  cell phone, tablets, laptop computers, netbooks, or other mobile devices or wireless communications devices, using a system and method that infringes the '341 patent.  The WhatsApp application, combined with the WhatsApp server software and hardware infringes at least claims 1-18 of the '341 Patent.

11.    The WhatsApp application, server and services associated with the WhatsApp application are referred to herein as the Accused Instrumentalities and infringe at least claims 1-18 of the '341 Patent.

12.    On February 18th, 2014, United States Patent No. 8,655,341, entitled " Methods for Mobile Phone Applications" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '341 Patent claims patent-eligible subject matter and is valid and enforceable. Plaintiff, H.S. Treasure Contacts LTD. is the exclusive owner of all right, title and interest in the assertion, sub-licensing and enforcement of the '341 patent, including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '341 Patent, by license, authorization and agreement from Haim Boukai and Sergey Ost, the named inventors of '341 patent who retain coownership of the '341 Patent, excluding the rights transferred to Plaintiff Treasure Contacts.  Defendant is not licensed to the '341 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '341 patent whatsoever. A true and correct copy of

the '341 Patent is attached hereto as **Exhibit A**.

13.    The '341 Patent is presumed valid under 35 U.S.C. § 282.  Patent owners,
including Plaintiff, have at all times complied with 35 USC 287.

**V.    THE PATENT**

14.    The '341 Patent includes both Method and System Claims. The method claims of
the '341 patent are directed to "A method for viral distribution of applications on networked
mobile devices" The system claims are directed to "A system for viral distribution of
applications on networked mobile devices."

15.    Claim 1 of the '341 Patent recites:

A method for viral distribution of applications on net worked mobile devices comprising
steps of:

a. installing software on said networked mobile devices,

b. reading, by means of said software, some portion of a contact list stored on said
networked mobile devices;

c. transmitting said portion of said contact list to a server;

d. Sending invitation to install said software to unregistered users from said portion of
said contact list;

e. installing said software on some portion of those net worked mobile devices listed on
said contact list upon accepting of said invitation to install said Software;

f. repeating steps b-e for each contact on each of said networked mobile devices, whereby
viral distribution of software across a multitude of networked mobile devices is achieved;
and

g. providing a server, adapted to provide said Software running on said networked mobile
device working in coordination with said server by means of an applications database, a
client's database and an application distribution unit, said client's database being
subdivided into registered clients Sub database and unregistered clients Sub database,
said applications database including all applications required to be installed in client's
mobile networked devices, said application distribution unit being adapted to contact
unregistered users in said unregistered clients Sub database to invite some part of said

unregistered users to install said software.

16.     Claim 10 of the '341 patent recites:

A system for viral distribution of applications on networked mobile devices, comprising:

a. application running on said networked mobile devices,

b. a database storing a contact list of said networked mobile devices;

c. means for sending invitation to install said application on some portion of those networked mobile devices listed on said contact list;

d. installing said application upon accepting of said invitation to install said application;

e. means to repeat steps b-d for each contact on each of said networked mobile devices,

f. a server, adapted to provide said application running on said networked mobile device working in coordination with said server by means of an applications database, a client's database and an application distribution unit residing on said server, said client's database being subdivided into registered clients sub database and unregistered clients sub database, said applications database including all applications required to be installed in client's mobile networked devices, said application distribution unit being adapted to contact unregistered users in said unregistered clients sub database to invite some portion of said unregistered users to install application; and

g. whereby viral distribution of applications across a multitude of networked devices is achieved.

## VI.     INFRINGEMENT

17.     Defendant makes and provides the WhatsApp application which has an "Invite your friends" feature to invite non-WhatsApp users to download and install the WhatsApp application, thus accomplishing the viral distribution of the application on mobile devices.  The WhatsApp Accused Instrumentalities includes components and functionality that infringes claims of the '341 Patent.

18.     Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the

'341 patent, by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Accused Instrumentalities. Defendant has continued to infringe the '341 Patent with knowledge of the '341 Patent at least since the service of the original Complaint in this action.

19.     To the extent that it is determined that one or more acts in method claims 1-9 of the '341 Patent are not performed by Defendant, but are rather performed by a customer, or other party, Plaintiff asserts that Defendant still directly infringes claims 1-9 of the '341 Patent. The Federal Circuit has held that there are circumstances in which others' acts may be attributed to an accused infringer to support direct infringement liability. *See Travel Sentry, Inc. v. Tropp*, 877 F.3d 1370, 1381 (Fed. Cir. 2017).

20.     Defendant has also, in some instances, contributorily infringed and continues to contributorily infringe under 35 U.S.C. § 271(c) because, with knowledge of the '341 Patent, Defendant supplies material parts of an infringing method and/or system, where the material parts are not a staple article of commerce, and are incapable of substantial noninfringing use. Defendant contributes to infringement of claims 10-18 of the '341 Patent because, with knowledge of the '341 Patent, Defendant supplies components of systems which form Accused Instrumentalities which infringe system claims of the '341 patent. . Defendant has continued to contributorily infringe the '341 Patent with knowledge of the '341 Patent at least since the service of the original Complaint in this action.

21.     Plaintiff has conducted a detailed analysis, establishing and confirming that Defendant's Accused Instrumentalities directly infringe and indirectly infringe claims of the '341 Patent.

22.     Attached as **Exhibit B** to the Complaint is a claim chart demonstrating the correspondence of the operation of the Accused Instrumentalities with elements of exemplary, non-representative, claims of the '341 patent.

23.     Defendant has continued to infringe the '341 Patent with knowledge of the '341 patent at least since the service of the original complaint in this action.

24.     The Accused Instrumentalities satisfy the elements of the asserted claims.  Shown below is an example of the infringing features of WhatsApp application, service and system whereby WhatsApp achieves viral distribution by practicing the claimed method.  A more detailed description of infringement is set fort in Exhibit B:

A method for viral distribution of applications on net worked mobile devices comprising steps of:

 a. installing software on said networked mobile devices,



b. reading, by means of said software, some portion of a contact list stored on said networked mobile devices;

c. transmitting said portion of said contact list to a server;



d. Sending invitation to install said software to unregistered users from said portion of said contact list;



e. installing said software on some portion of those net worked

mobile devices listed on said contact list upon accepting of said

invitation to install said Software;



f. repeating steps b-e for each contact on each of said networked mobile devices, whereby viral

distribution of software across a multitude of networked mobile devices is achieved; and

   

g. providing a server, adapted to provide said Software running on said networked mobile device working in coordination with said server by means of an applications database, a client's database and an application distribution unit, said client's database being subdivided into registered clients Sub database and unregistered clients Sub database, said applications database including all applications required to be installed in client's mobile networked devices, said application distribution unit being adapted to contact unregistered users in said unregistered clients Sub database to invite some part of said unregistered users to install said software.

25.    WhatsApp provides a server, adapted to provide said software running on said

networked mobile device working in coordination with said server.  The server is WhatsApp's

server controlled by WhatApp, the location and details of which are known to WhatsApp. The

WhatsApp server supplies the application for download, receives the selected contacts and send

the invitation link.  The WhatsApp application on a user's phone coordinates with the server(s)

controlled by WhatsApp to provide information to the hatsApp application user, such as photos,

videos, and contact information.   The mobile devices  and server(s) work in coordination by

means of an applications database.  The applications database includes all applications required

to be installed in client's mobile device in order to provide the available mobile services used by

the WhatsApp application user, such as the WhatsApp software, APIs, etc,.  The application

database is in the control of WhatsApp and is known to WhatsApp.  WhatsApp maintains copies

of the applications that they install on user's machines. Those copies of application are stored on

a server located in a place known to WhatsApp and controlled by WhatsApp. (Most likely a

Meta platform.) The clients database on the WhatsApp server(s) comprises data in WhatsApp's

control that identifies all registered clients and unregistered clients.  WhatsApp identifies those

individuals/users who signed up for or installed the WhatsApp application previously (registered

clients) and those individuals who have not signed up for or have installed the WhatsApp

application, but whose contact information is known to WhatsApp (unregistered clients).  The

clients database is therefore subdivided into registered clients sub database and unregistered clients sub database. Previously unknown contacts are not in either database but can be added to the either database.

26.     For example, in example in the Claim charts, if a user transmits the name of 20 contacts to invite, the server compares those to the clients database: Ten of them may already be registered, two of them may already be on the unregistered clients database (perhaps because they were previously invited but did not accept the invitation to install.); and, although not required by the claim, the other 8 would be added to the non-registered database until such time as they accept an invitation and are moved to the registered sub-database. All 10 of the non-registered users are sent an invitation to install the WhatsApp application.

27.     The WhatsApp system and associated server includes an application distribution unit that is adapted to contact unregistered users in said unregistered clients sub database to invite some part of said unregistered users to install said software. As shown above, a user is presented with a list of contacts not in the registered users sub-database, whom the user can choose to invite to use the WhatsApp application. The user need not select all such contacts, but is allowed to choose "some part" of said contacts. Multiple contacts not in the registered users subdatabase are presented to the first user, and a choice is made of who to invite to the WhatsApp application. WhatsApp uses the application distribution unit to contact those unregistered users, such as by the type of notification shown above. Plaintiff cannot identify the specific location in the WhatsApp code where the unit is located, but that information is known to WhatsApp.

28.     Defendant has infringed, and continues to infringe, at least claim 1-18 of the '341 Patent, under 35 U.S.C. § 271(a) and/or (c), by: (i) making, using, distributing, offering to sell,

selling and/or importing into the United States, systems and methods that infringe the asserted

claims and by performing the claimed methods in the United States [§ 271(a)]; (ii) by

contributing to the infringement of others and by selling components of the patented systems [§

271(c)].  Defendant continues to manufacture, use, offer to sell, sell and import Accused

Instrumentalities.  Defendant continues to sell and contribute components of Accused

Instrumentalities, thereby contributing to infringement and also continues to perform infringing

activity by performing the claimed method in the United States.

29.     By engaging in accused activity including making, using, distributing, offering to

sell, selling and importing accused products in the United States, Defendant continues to infringe

claims of the '341 Patent.

30.     Upon information and belief, Defendant has directly infringed one or more of the

claims of the '341 Patent under 35 USC 271(a):

> "(a) except as otherwise provided in this title, whoever without authority makes, uses,
> offers to sell, or sells and patented invention, within the United States or imports into the
> United States any patented invention during the term of the patent therefor, infringes the
> patent"

by engaging in accused activity including making, using, distributing, offering to sell, selling,

importing Accused Instrumentalities and/or practicing the methods of the claims of the '341

Patent with Accused Instrumentalities in the United States, Defendant continues to infringe

claims of the '341 Patent.

31.     Upon information and belief, Defendant has indirectly infringed one or more of

the claims of the '341 Patent under 35 USC §271(c):

> (c) Whoever offers to sell or sells within the United States or imports into the United
> States . . . or apparatus for use in practicing a patented process, constituting a material
> part of the invention, knowing the same to be especially made or especially adapted for
> use in an infringement of such patent, and not a staple article or commodity of commerce

suitable for substantial noninfringing use, shall be liable as a contributory infringer. by providing Accused Instrumentalities, and or  components and supplies, which are combined, such as with other software, hardware and/or as an add-on to systems or programs or otherwise combined to form an infringing system and/or are used in practicing the methods which infringe the claims of the '341 Patent, Defendant contributes to the infringement of the '341 Patent.

32.    Upon information and belief, Defendant has no good faith defense to Plaintiff's infringement allegations. Defendant has intentionally continued their knowing infringement after receiving actual notice of the patents at least as of the date of service of the original Complaint in this action.

33.    Defendant does not have a license or authority to use or practice the '341 Patent. As a result of Defendant's infringement of the '341 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

**VII.    COUNT I – DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,655,341**

34.    The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

35.    Defendant WhatsApp has infringed, and continues to directly infringe, at least claims 1- 18 of the '341 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Instrumentalities  in the United States and by using Accused Instrumentalities to practice the claimed method of the '341 Patent.

36.    Defendant does not have license or authority to the '341 Patent.

37.    As a result of Snap's infringement of the '341 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## VIII.    COUNT II - CONTRIBUTORY INFRINGEMENT OF
##          U.S. PATENT NO. 8,655,341

38.    The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

39.    Upon information and belief, Defendant WhatsApp has indirectly infringed claims 10-18 of the '341 Patent under 35 USC § 271(c) by providing Accused Instrumentalities, and components and supplies, which are used as components of infringing systems which infringe claims 10-18 of the '341 Patent, thus contributing to the infringement of the '341 Patent.

40.    Defendant does not have license or authority to the '341 Patent.

41.    As a result of Snap's infringement of the '341 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## IX.    PRAYER FOR RELIEF

A.    For a judgment declaring that Meta d/b/a WhatsApp has infringed the '341 Patent.

B.    For a grant of a permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of infringement;

C.    For a judgment awarding Plaintiff compensatory damages as a result of Defendant's infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the '341 Patent in an amount to be determined at trial;

D.    For a judgment and order awarding a compulsory ongoing royalty;

E.    For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

**DEMAND FOR JURY TRIAL**

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands

trial by jury as to all claims in this litigation.


November 19, 2025                                    Respectfully Submitted

                                                     /s/ Joseph J. Zito
                                                    Joseph J. Zito
                                                    DNL ZITO
                                                    1250 Connecticut Avenue, NW,
                                                    Suite 700
                                                    Washington, DC 20036
                                                    202-466-3500
                                                    jzito@dnlzito.com

                                                    Benjamin C. Deming
                                                    DNL ZITO
                                                    3232 McKinney Avenue, #500
                                                    Dallas, Texas 75204
                                                    214-799-1145
                                                    bdeming@dnlzito.com

                                                    Attorneys for Plaintiff
                                                    *H.S. Treasure Contacts, LTD.*


**CERTIFICATE OF SERVICE**

On November 19, 2025, the foregoing Complaint was electronically submitted to the
clerk of court for the U.S. District Court, Western District of Texas, using the CM/ECF filing
system of the court.

                                 /s/ Joseph J. Zito
                                Joseph J. Zito